**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | |
|---|---|
| MERLE DUNN, individually and on behalf of all others similarly situated, | DOCKET NO. _____ |
| vs. | JURY TRIAL DEMANDED |
| ENTERPRISE PRODUCTS PARTNERS, LP. | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. Merle Dunn (Dunn) brings this Fair Labor Standards Act (FLSA) lawsuit to recover unpaid overtime wages and other damages owed by Enterprise Products Partners, LP.

2. Dunn worked for Enterprise as a Safety Specialist.

3. Dunn and other workers like him regularly worked in excess of 40 hours each week.

4. But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Enterprise misclassified Dunn and other workers like him as exempt and paid them a salary with no overtime compensation.

6. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

**JURISDICTION & VENUE**

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division. Dunn performed work for Enterprise throughout this District and Division.

## PARTIES

9. Dunn worked for Enterprise as a Safety Specialist from approximately March 2015 until March 2019.

10. Throughout his employment with Enterprise, Dunn was classified as exempt and paid a salary with no overtime compensation.

11. But Dunn was performing non-exempt duties.

12. Dunn's consent to be a party plaintiff is attached as Exhibit A.

13. Dunn brings this action on behalf of himself and other similarly situated workers who were misclassified as exempt and paid a salary with no overtime compensation.

14. Enterprise misclassified each of these workers as exempt and paid them a salary with no overtime in violation of the FLSA.

15. The collective of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All "Safety Specialists" or "Accident Investigators" employed by Enterprise who worked in excess of 40 hours in a workweek at any time in the past 3 years, were paid a salary, and were not paid overtime.** (Putative Class Members).

16. Enterprise failed to pay these workers overtime for hours worked in excess of 40 hours in a workweek.

17. Defendant Enterprise Products Partners, LP is a limited partnership doing business throughout the United States, including Texas. Enterprise may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## COVERAGE UNDER THE FLSA

18. At all relevant times, Enterprise has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all relevant times, Enterprise has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20. At all relevant times, Enterprise has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). Enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment – that have been moved in or produced for commerce.

21. In each of the last 3 years, Enterprise has had and has an annual gross volume of sales made or business done of at least $1,000,000.

22. At all relevant times, Dunn and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

23. As will be shown through this litigation, Enterprise misclassified Dunn and the Putative Class Members as exempt employees and dictated the pay practices to which it subjected them.

## FACTS

24. Enterprise is a "leading North American provider of midstream energy services to producers and consumers of natural gas, NGLs, crude oil, refined products, and petrochemicals."[1] To complete their business objectives, Enterprise hires personnel (like Dunn) to perform work.

25. Enterprise employed Dunn as a Safety Specialist from approximately March 2015 until March 2019.

26. Throughout the relevant time period, Enterprise paid Dunn and the Putative Class Members a salary with no overtime compensation.

27. Specifically, Enterprise paid Dunn approximately $1,730 every week.

---

[1] https://www.enterpriseproducts.com/about-us (last visited November 26, 2019).

28. Enterprise did not pay Dunn or the Putative Class Members additional wages when they worked over 40 hours in a workweek.

29. But Dunn and the Putative Class Members regularly worked substantial overtime.

30. For example, Dunn typically worked a minimum of 12 hours a day, for 7 days a week, for weeks on end.

31. Thus, Dunn regularly worked approximately 84 hours each workweek, well over the 40-hour overtime threshold.

32. Enterprise misclassified Dunn and the Putative Class Members as exempt from the overtime compensation requirements of the FLSA.

33. But Dunn and the Putative Class Members were not employed in any bona fide executive, administrative, or professional capacity.

34. Nor were Dunn and the Putative Class Members performing work that was exempt under the Motor Carrier Act.

35. Enterprise did not pay Dunn or the Putative Class Members one and one-half times their regular rates of pay for all hours worked, when they worked in excess of 40 hours in a work week.

36. Dunn and the Putative Class Members' primary duties consisted of ensuring Enterprise's employees and contractors followed company safety procedures along with DOT and OSHA regulations.

37. Specifically, Dunn and the Putative Class Members would work at "tank farms" where pipelines converged, and oil or natural gas was stored prior to further transport. These workers would ensure employee and contractor compliance with Enterprise's and regulatory safety protocols. These workers also would coordinate with the pipeline inspectors, maintenance technicians and clean-up crews when there was a pipeline spill.

38. Dunn and the Putative Class Members never drove any vehicles weighing over 10,000 pounds on any interstates, highways, or county roads.

39. Dunn and the Putative Class Members did not have the authority to hire, fire, and/or discipline any of Enterprise's employees.

40. Dunn and the Putative Class Members' primarily job duties did not require them to exercise discretion or independent judgment with respect to matters of significance.

41. Indeed, Dunn and the Putative Class Members' job duties were formulaic and not highly specialized.

42. Thus, Dunn and the Putative Class Members were non-exempt employees that should have been paid overtime for all hours worked over 40 per week.

43. Enterprise knew Dunn and the Putative Class Members worked significant overtime without being compensated for the same.

44. Upon information and belief, Enterprise deprived Dunn and the Putative Class Members of the overtime pay they were entitled to under the FLSA to save on labor costs and make higher profits.

45. At all relevant times, Dunn and the Putative Class Members were non-exempt employees for purposes of overtime compensation provisions of the FLSA.

## CAUSE OF ACTION - FLSA VIOLATIONS

46. Dunn brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

47. Enterprise violated, and is violating, the FLSA by failing to pay Dunn and the Putative Class Members overtime.

48. Enterprise misclassified Dunn and the Putative Class Members as exempt employees in order to deprive them of overtime they were entitled to under the FLSA.

49. Enterprise knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Dunn and the Putative Class Members overtime.

50. Enterprise's failure to pay overtime to Dunn and the Putative Class Members was neither reasonable, nor was the decision not to pay overtime made in good faith.

51. Accordingly, Dunn and the Putative Class Members are entitled to overtime under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### COLLECTIVE ACTION ALLEGATIONS

52. The Putative Class Members were victimized by Enterprise's pattern, practice, and/or policy which is in willful violation of the FLSA.

53. Other salaried employees worked with Dunn and indicated they were classified as exempt, paid in the same manner (a salary with no overtime), and performed similar work.

54. Based on his experiences with Enterprise, Dunn is aware that Enterprise's illegal practices were imposed on the Putative Class Members.

55. The Putative Class Members were classified as exempt employees and not afforded overtime compensation when they worked in excess of 40 hours in a week.

56. Dunn's experiences are therefore typical of the experiences of the Putative Class Members.

57. The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

58. Dunn has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Dunn has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

59. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

60. Absent this action, many Putative Class Members likely will not obtain redress of their injuries, and Enterprise will reap the unjust benefits of violating the FLSA.

61. Furthermore, even if some of the Putative Class Members could afford individual litigation against Enterprise, it would be unduly burdensome to the judicial system.

62. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

63. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Enterprise employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA;

   b. Whether Enterprise's decision to classify the Putative Class Members as exempt employees and pay them a salary with no overtime was made in good faith;

   c. Whether Enterprise's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

   d. Whether Enterprise's violation of the FLSA was willful; and

   e. Whether Enterprise's illegal pay and classification practices were applied uniformly to all Putative Class Members.

64. Dunn and the Putative Class Members sustained damages arising out of Enterprise's illegal and uniform employment policy.

65. Dunn knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

66. Even if the issue of damages was somewhat individual in character, there would be no detraction from the common nucleus of liability facts.

### RELIEF SOUGHT

WHEREFORE, Dunn prays for judgment against Enterprise as follows:

   a. An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals

with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.  For an Order appointing Dunn and his counsel to represent the interests of the Putative Class Members;

c.  For an Order finding Enterprise liable to Dunn and the Putative Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d.  For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

e.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
**AND**
**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**